# In the United States Court of Federal Claims

No. 03-0632V
Filed: February 29, 2016[1]

```
*******************************************
                                          *
R.K., on behalf of A.K., a minor,         *
                                          *
        Petitioners,                      *
                                          *
                                          *
v.                                        *
                                          *
Secretary of the Department of Health and *
Human Services,                           *
                                          *
                                          *
        Defendant.                        *
                                          *
*******************************************
```

Records kept by the Clerk,
   Rule 79(a)(2) of the Rules of the United
   States Court of Federal Claims
   ("RCFC");
Redaction of Decisions by Special Masters,
   42 U.S.C. § 300aa-12(d)(4);
Review of Decisions by Special Masters, 42
   U.S.C. § 300aa-12(e).

**John F. McHugh**, New York, New York, Counsel for Petitioners.

**Heather L. Pearlman**, United States Department of Justice, Washington, D.C., Counsel for Respondent.

### MEMORANDUM OPINION AND FINAL ORDER CONCERNING PETITIONERS' MOTION FOR REVIEW

**BRADEN**, *Judge*.

## I.     RELEVANT FACTUAL BACKGROUND.

On December 18, 2015, the court issued a Memorandum Opinion And Final Order,[2] denying Petitioners' October 28, 2015 Motion For Review Of The Special Master's September 28,

---

[1] This Memorandum Opinion And Final Order was issued on February 12, 2016. The parties were required to submit proposed redactions on February 26, 2016.

[2] The parties were required to submit proposed redactions on January 4, 2016. On December 31, 2015, Petitioners filed a: Motion To Stay Publication Of Decision; Notice Of Filing Redactions; and Motion For Review Of The Special Master's December 1, 2015 Ruling On Redaction Request And Change Of Case Caption. On January 19, 2016, the court granted Petitioners' Motion To Stay Publication, pending the resolution of Petitioners' December 31, 2015 Motion For Review. The court issued the redacted version of the December 18, 2015 Memorandum Opinion together with this Memorandum Opinion on this date.

2015 Decision.  The December 18, 2015 Memorandum Opinion And Final Order provides the relevant factual background of this case.  As such, the court incorporates those facts herein.

## II.    PROCEDURAL HISTORY.[3]

On September 28, 2015, the Special Master issued a Decision and a Ruling On Motions. On September 29, 2015, the case was reassigned to another Special Master.

On October 13, 2015, Petitioners filed a Motion To Redact The Special Master's September 28, 2015 Decision And Ruling On Motions.

On October 28, 2015, Petitioners filed a Motion For Review Of The Special Master's September 28, 2015 Decision And Ruling On Motions.  That Motion was assigned to the undersigned judge.

On October 30, 2015, the Government filed a Response To Petitioner's Motion To Redact in the Office of the Special Masters.  On November 6, 2015, Petitioners filed a Reply.  On November 9, 2015, the Special Master issued an Order, staying posting of the September 28, 2015 Decision and Ruling On Motions.

On December 1, 2015, the Special Master issued an Order On Motion To Redact Decision ("Order").  On December 31, 2015, Petitioners filed a Motion For Review Of The Order On Motion To Redact Decision ("Pet. Mot.").  On January 28, 2016, the Government filed a Response ("Gov't Resp.").

## III.    DISCUSSION.

### A.  Jurisdiction.

The United States Court of Federal Claims has jurisdiction to review the decision of a Special Master in a vaccine-related injury case, pursuant to 42 U.S.C. § 300aa-12(e)(2)[4] and Vaccine Rule 23(a).[5]  After reviewing the Special Master's decision, the court may:

---

[3] The court's December 18, 2015 Memorandum Opinion And Final Order provides the procedural history of this case.  As such, that procedural history is incorporated herein.

[4] Section 300aa-12(e)(2) of the Vaccine Act provides: "[W]ith respect to a petition, the United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings[.]"  42 U.S.C. § 300aa-12(e)(2).

[5] Vaccine Rule 23(a) provides: "To obtain review of the [S]pecial [M]aster's decision, a party must file a motion for review with the clerk within 30 days after the date the decision is filed."  Vaccine Rule 23(a).

(A) uphold the findings of fact and conclusions of law of the [S]pecial [M]aster and sustain the [S]pecial [M]aster's decision,

(B) set aside any findings of fact or conclusion of law of the [S]pecial [M]aster found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the [S]pecial [M]aster for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2); *see also* Vaccine Rule 27 (same).

## B. Standard Of Review.

The United States Court of Federal Claims may set aside the decision of a Special Master if findings of fact or conclusions of law are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B). "Fact findings are reviewed . . . under the arbitrary and capricious standard; legal questions under the 'not in accordance with law' standard; and discretionary rulings under the abuse of discretion standard. The latter will rarely come into play except where the special master excludes evidence." *Munn v. Sec'y of Dep't. of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

## C. The Special Master's December 1, 2015 Order On Motion To Redact Decision.

The Special Master discussed two approaches to redaction that have been discussed in recent cases. Order at 1. Under the first approach, "[S]pecial [M]asters have decline[d] to redact information, other than changing the name of a minor child to initials." Order at 2 (citing *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); *Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *House v. Sec'y of Health & Human Servs.*, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012); *Anderson v. Sec'y of Health & Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014)). The Special Master determined that this approach is reasonable, because "while all filings of the parties and procedural orders of the [S]pecial [M]aster are shielded from public view, the Vaccine Act also specifically provides that when a [S]pecial [M]aster files a 'decision' in the case, such decision '*shall be disclosed*' to the public[.]" Dec. at 2 (citing 42 U.S.C. § 12(d)(4)(B) (emphasis added)). Moreover, disclosure of the health and medical records is not an invasion of privacy, because petitioners "directly put the vaccinee's health and medical status into contention by filing the case and prosecuting the case to a decision in a public court[.]" Dec. at 2. Therefore, redacting and replacing actual names of minors with initials is reasonable, because it balances privacy, as well as "the obvious purpose of the statutory requirement . . . that rulings on medical causation issues be publicly available to potential Vaccine Act litigants[.]" Dec. at 2.

The second approach redacts the name of the petitioner, even though the petitioner is not a minor. Dec. at 2–3 (citing *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011), *aff'd on non-relevant grounds*, 704 F.3d 1352 (Fed. Cir. 2013)). This approach also is reasonable,

because "while it [is] . . . necessary, for the development of the Vaccine Act law, for a [S]pecial [M]aster's decision to contain information about the vaccines involved and subsequent . . . injuries of the vaccinee, there is no need, under the Congressional policy of disclosure, that the *name* of the vaccinee be available to the public." Dec. at 2–3 (citing *W.C.*, 100 Fed. Cl. at 457).

Given the "exceptionally detailed and unusual discussion of the injured minor vaccinee's medical history," the Special Master determined that the second approach was more appropriate in this case and ordered that the initials of the vaccinee and the vaccinee's family replace their actual names. Dec. at 3. The Special Master also instructed the Clerk of the Court to change the caption of the case, so that Petitioners' initials would appear. Dec. at 3. The Special Master, however, denied Petitioners' request for redaction of the case number. Dec. at 3. "[P]ursuant to . . . Rule 79(a)(2) [of the Rules of the United States Court of Federal Claims ("RCFC"),] all papers filed with the clerk must be marked with the file (case) number and entered on the docket, and since public decisions are official records[,] . . . it is not possible to file documents . . . without the case number." Dec. at 3. The Special Master also denied Petitioners' request to redact the names of medical practitioners, because they "have not explained why the publication of the names of medical doctors, who were just doing their jobs, would do any damage to relationships between patient and doctor." Dec. at 4.

### D.  Petitioners' December 31, 2015 Motion For Review.

#### a.  Petitioners' Argument.

Petitioners argue that the Special Master's Order affords "little or no privacy protection," because Petitioners' names should have been redacted *and* replaced with "John Doe" or the like. Pet. Mot. at 4–5. The case number also should have been redacted. Pet. Mot. at 6. This approach would be appropriate, because a "simple Google type search reveals that information taken from the [PACER] docket report containing Petitioners' names, the case number of the case, and the [PACER] filing history is published on the Internet." Pet. Mot. at 4 n.3. "Because of the super-availability of information on the [I]nternet, . . . the privacy provision of the Vaccine Act is, effectively, being frustrated[.]" Pet. Mot. at 7. As such, redacting both the Petitioners' actual names and case numbers, as well as substituting Petitioners' actual names with "John Doe" or "Jane Doe," affords Petitioners better privacy protection. Pet. Mot. at 6. Petitioners cite ten cases where both the names and case numbers were redacted:

1.  DONNA {redacted} v. Secretary of Health and Human Services, No. 02-{redacted}V, Filed: {redacted}, 2006.
2.  JANE DOE/15 v. Secretary of Health and Human Services, No. 02- {redacted}V, Filed: {redacted}, 2008.
3.  JANE DOE/34 v. Secretary of Health and Human Services, No. {redacted}V, Filed: January 30, 2009; Reissued for Publication: February 2, 2009; Reissued Redacted: March 4, 2009.
4.  JOHN DOE/49 v. Secretary of Health and Human Services, No. {redacted}V, Originally Filed: October 2, 2009; Issued Redacted: October 20, 2009.
5.  JANE DOE/52 v. Secretary of Health and Human Services, No. {redacted}V, Originally issued: December 15, 2009; Reissued Redacted: January 4, 2010.

4

6. JOHN DOE/64 v. Secretary of Health and Human Services, No. {redacted}V, Originally Filed: April 13, 2010; Issued Redacted: April 28, 2010.
7. JANE DOE/60 v. Secretary of Health and Human Services, No. XX-XXXXV, Filed: January 29, 2010; Reissued: March 26, 2010.
8. JOHN DOE/67 and JANE SMITH, parents of CHILD, a minor v. Secretary of Health and Human Services, No. {redacted}V, Filed: May 3, 2010; Reissued: May 21, 2010.
9. JOHN DOE/83, and JANE DOE/83, as parents and natural guardians of CHILD DOE/83 v. Secretary of the Department of Health and Human Services, No. {redacted}V, Originally filed: December 17, 2010; Filed Redacted: January 12, 2011.
10. DOE/93 v. Secretary of Health and Human Services, No. {redacted}V, Filed November 16, 2011.

Pet. Mot. at 6–7.

In sum, the Special Master's approach of redacting Petitioners' names and replacing them with initials is insufficient and "arbitrary, capricious, an abuse of discretion and contrary to law[.]" Pet. Mot. at 2. Petitioners "respectfully request remand with a direction requiring the [c]ourt to fashion a remedy, including redaction of the case number, that provide[s] effective privacy protection and that is compliant with the Vaccine Act and consistent with the past practices of this [c]ourt." Pet. Mot. at 8.

### b. The Government's Response.

Although the Government does not challenge the court's jurisdiction over Petitioners' Motion For Review in this case, the Government points out that the United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims has jurisdiction to review "a decision by the [S]pecial [M]aster *concerning compensation*." Gov't Resp. at 1 n.7 (quoting *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010) (emphasis added)). Arguably, the Special Master's December 1, 2015 Order on redactions does not concern compensation. Gov't Resp. at 1. "However, [P]etitioners' request for redaction was necessitated by the issuance of the decision denying entitlement, which clearly is a decision 'concerning compensation.'" Gov't Resp. at 1. Therefore, the Government interprets Petitioners' December 31, 2015 Motion For Review "as intrinsically tied" to a decision concerning compensation. Gov't Resp. at 1. But, the Government "reserves the right to challenge the [c]ourt's jurisdiction in future cases in which an order denying a redaction request is not related to a decision concerning compensation, such as when redaction is sought prior to the issuance of any 'decision concerning compensation.'" Gov't Resp. at 1 n.1.

Because the United States Court of Appeals for the Federal Circuit "has yet to interpret Section 12(d)(4) of the [Vaccine] Act as it pertains to redaction[,] . . . the Special Master first properly looked to other decisions for guidance[.]" Gov't Resp. at 4. The Special Master discussed the two different redaction approaches: *Langland,* 2011 WL 802695 and *W.C.,* 100 Fed. Cl. 440.

In *Langland*, the Special Master replaced a minor child's name with initials and redacted the child's date of birth, but did not redact anything else. Gov't Resp. at 5 (citing *Langland*, 2011

WL 802695 at *11).  The Special Master determined this was the best approach for four reasons. First, "Congress mandated in Section 12(b)(2) of the [Vaccine] Act that [the Government] publish a list of all vaccine claims in the [*Federal Register*]."  Gov't Resp. at 5 (citing *Langland*, 2011 WL 802695 at *6).    Second, "Congress protected information submitted by [P]etitioners during adjudication of their claims under Section 12(d)(4)(A).[6]  *Id*.  Third, "Congress required that [S]pecial [M]aster decisions be published[.]"  *Id*.  Fourth, "Congress conferred upon [S]pecial [M]asters authority to redact only a narrow subset of personal information."  *Id*.

In *W.C.*, the United States Court of Federal Claims relied "on Supreme Court cases interpreting FOIA [the Freedom of Information Act][.]"  Gov't Resp. at 6 (citing *W.C.*, 100 Fed. Cl. at 460).  The court determined that redacting the petitioner's name from the Special Master's decision was the best approach.  *Id*.

In this case, the Special Master concluded that the *W.C.* approach was more appropriate and "[P]etitioners . . . have not shown that the Special Master's solution . . . was an abuse of discretion or contrary to law."  Gov't Resp. at 6.  Moreover, "the Special Master's denial of [P]etitioners' request for redaction of the case number was legally permissible, as it is grounded in this [c]ourt's rules."  Gov't Resp. at 6.  RCFC 79(a)(2) requires that all papers filed with the clerk "*must* be marked with the file number[.]"  RCFC 79(a)(2) (emphasis added).

Although Petitioners cite ten cases where the petitioners' names and case numbers were redacted, those decisions are not binding in this case.  Gov't Resp. at 7 n.4 (citing *Hanlon v. Sec'y of Health & Human Servs*., 40 Fed. Cl. 625, 630 (1998) ("Special [M]asters are neither bound by their own decisions nor by cases from the [United States] Court of Federal Claims, except, of course, in the same case on remand.")).  Moreover, the Government "attempted to locate the cited cases to review the circumstances and rationale that led to the redaction of both case name and case number."  But, "[w]ithout any case-identifying information, . . . [the Government] was unable to do so."  Gov't Resp. at 7 n.4.

Therefore, "[t]he Special Master's Ruling was in accord with the law, was neither arbitrary nor capricious, and was not an abuse of discretion."  Gov't Resp. at 7.

### c.  The Court's Resolution.

As a threshold matter, the court reviews the Special Master's Order On Motion To Redact Decision *de novo*.  Redaction requires an interpretation of the Vaccine Act, which is a question of law.  *See Hawkins v. United States*, 469 F.3d 993, 1000 (Fed. Cir. 2006) ("Statutory construction is a matter of law that we review *de novo*.").

---

[6] Section 300aa-12(d)(4)(A) of the Vaccine Act, in relevant part, provides: "[I]nformation submitted to a [S]pecial [M]aster or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information."  42 U.S.C. § 300aa-12(d)(4)(A).

Section 300aa-12(d)(4)(B) of the Vaccine Act, in relevant part, provides that:

A decision of a [S]pecial [M]aster or the court in a proceeding *shall* be disclosed, except that if the decision is to include information:

    i.  which is trade secret or commercial or financial information which is privileged and confidential, or

    ii.  which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

42 U.S.C. § 300aa-12(d)(4)(B) (emphasis added).

The United States Court of Appeals for the Federal Circuit has observed that "remedial legislation like the Vaccine Act should be construed in a manner that effectuates its underlying spirit and purpose." *Figueroa v. Sec'y of Health & Human Servs.*, 715 F.3d 1314, 1317 (Fed. Cir. 2013) (internal quotations omitted). Although the United States Court of Appeals for the Federal Circuit has not interpreted Section 300aa-12(d)(4)(B) of the Vaccine Act, the Freedom of Information Act ("FOIA"), 42 U.S.C. § 300aa-25(c)(1) is instructive. *See W.C.*, 100 Fed. Cl. at 458 (stating that there is a "direct parallel between this exemption [5 U.S.C. § 552(b)(6)] in FOIA and the privacy provision added . . . to the Vaccine Act[.]").

Section 552(b)(6) of FOIA requires that the Government disclose information, but provides an exception for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). Section 552(b)(6) bears a striking resemblance to Section 300aa-12(d)(4)(B) of the Vaccine Act's exempting "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 42 U.S.C. § 300aa-12(d)(4)(B). "[W]here two statutes use similar language we generally take this as a 'strong indication that [they] should be interpreted *pari passu.*'" *Smith v. City of Jackson*, 544 U.S. 228, 260 (2005) (citations omitted).

The United States Supreme Court has held that redaction of individual names is appropriate under Section 552(b)(6) of FOIA when the names "would be linked publicly with . . . personal information." *United States Dept. of State v. Ray*, 502 U.S. 164, 175–76 (1991). The Court, however, did not require replacing the redacted names with "John Doe." Therefore, in this case, the Special Master was not required to redact and replace Petitioners' name with "John Doe" or "Jane Doe."

With respect to Petitioners' request to redact the case numbers, RCFC 79(a)(2) requires that the Clerk of the United States Court of Federal Claims to mark all "appearances, orders, verdicts, and judgments" with a file number. RCFC 79(a)(2). The court is cognizant of Petitioners' concern that the "super-availability of information on the [I]nternet" renders case number redaction appropriate in this case. Pet. Mot. at 7. But under Petitioners' rationale, all vaccine case numbers should be redacted. This practice would render RCFC 79(a)(2) meaningless. Moreover, the court must balance privacy concerns with the "importance of the public interest in

. . . disclosure." *Ray*, 502 U.S. at 179.  Redacting and replacing Petitioners' names with initials, but not replacing the case numbers achieves this balance.

For these reasons, the court has determined that the Special Master appropriately redacted and replaced Petitioners' names with initials and that this approach was in accordance with law.

## IV.     CONCLUSION.

For these reasons, the court affirms the Special Master's December 1, 2015 Order.  The court denies Petitioners' December 31, 2015 Motion For Review.  The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED**.


   s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**