# In the United States Court of Federal Claims

No. 03-632

Filed under seal: January 26, 2018[*]

* * *

| | |
|---|---|
| R.K., *on behalf of* A.K., *a minor*, | National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 to 300aa-34 (2012); |
| Petitioners, | Review of Decisions by Special Masters, 42 U.S.C. § 300aa-12(e); |
| v. | Vaccine Rules of the United States Court of Federal Claims 23 (Motion For Review), 27 (Reviewing A Decision Of The Special Master). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * *

**John F. McHugh**, New York, New York, Counsel for Petitioners.

**Heather L. Pearlman**, United States Department of Justice, Washington, D.C., Counsel for Respondent.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Chief Judge*.

## I.   RELEVANT FACTUAL BACKGROUND.

On December 18, 2015, the court issued a Memorandum Opinion And Final Order, denying Petitioners' October 28, 2015 Motion For Review Of The Special Master's September 28, 2015 Decision. ECF No. 341. The December 18, 2015 Memorandum And Final Order provides the relevant factual background of this case. As such, the court incorporates those facts herein.

---

[*] On January 26, 2018, the court forwarded a sealed copy of this Memorandum Opinion And Final Order to the parties to redact any confidential and/or privileged information from the public version and note any citation or editorial errors that required correction. Pursuant to Vaccine Rule 18(b), Petitioners have until February 9, 2018 to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

## II. PROCEDURAL HISTORY.

On September 28, 2015, Special Master Vowell issued a Decision And Ruling On Motions, dismissing Petitioners vaccine injury claim, filed under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 300aa-34 (2012) (the "Vaccine Act"). ECF No. 320.

On October 28, 2015, Petitioners filed a Motion For Review of Special Master Vowell's September 28, 2015 Decision. ECF No. 328. On November 23, 2015, the Respondent filed a Response to Petitioners' October 28, 2015 Motion. ECF No. 337.

On December 18, 2015, the court issued a Memorandum Opinion And Final Order, denying Petitioners' October 28, 2015 Motion For Review Of The Special Master's September 28, 2015 Decision. ECF No. 341.

On February 17, 2016, Petitioners filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. ECF Nos. 352, 366 at 2.

On December 9, 2016, the United States Court of Appeals for the Federal Circuit issued a Notice Of Entry Of Judgment Without Opinion, affirming the court's December 18, 2015 Memorandum Opinion And Final Order. ECF No. 359.

On January 30, 2017, the United States Court of Appeals for the Federal Circuit issued a Mandate, in accordance with the December 9, 2016 Notice Of Entry Of Judgment Without Opinion, pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. ECF No. 361.

On May 15, 2017, Petitioners filed a Motion For Attorneys' Fees in the United States Court of Federal Claims requesting that the court "award Petitioners $353,518.00 in fees . . . and $15,269.13 in costs . . . [and] an award of fees for the services of [Petitioners' paralegal] in such an amount [the court] may consider just and proper." ECF No. 362 at 19–20. On May 19, 2017, Respondent filed a Response to Petitioners' May 15, 2017 Motion. ECF No. 364.

On August 31, 2017, Special Master Hastings issued a Decision On Attorneys' Fees And Costs, granting Petitioners' May 15, 2017 Motion and awarding Petitioners $225,702.10 ("8/31/17 Dec."). ECF No. 365.

On September 29, 2017, Petitioners filed a Motion For Review of Special Master Hastings' August 31, 2017 Decision ("9/29/17 Pet. Mot."). ECF No. 366. On October 27, 2017, Respondent filed a Response ("10/27/17 Resp. Response"). ECF No. 367. On November 3, 2017, Petitioners filed a Reply ("11/3/17 Pet. Reply"). ECF No. 368.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction to review the decision of a Special Master in a vaccine-related case, pursuant to 42 U.S.C. § 300aa-12(e)(2)[1] and Vaccine Rule of the United States Court of Federal Claims 23(a).[2] After reviewing the Special Master's decision, the court may

> (A) uphold the findings of fact and conclusions of law of the [S]pecial [M]aster and sustain the [S]pecial [M]aster's decision,
> (B) set aside any findings of fact or conclusion of law of the [S]pecial [M]aster found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
> (C) remand the petition to the [S]pecial [M]aster for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2); *see also* Vaccine Rule 27 (same).

### B. Standard Of Review.

The United States Court of Federal Claims may set aside the decision of a Special Master if findings of fact or conclusions of law are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B). Fact findings are reviewed "under the arbitrary and capricious standard, discretionary rulings under the abuse of discretion standard, and legal questions *de novo* under the not in accordance with law standard." *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1354 (Fed. Cir. 2011) (emphasis added) (internal quotation marks omitted).

### C. Special Master Hastings' August 31, 2017 Decision On Attorneys' Fees And Costs.

The August 31, 2017 Decision On Attorneys' Fees And Costs found that: (1) there was no reasonable basis for Petitioners to appeal the court's December 18, 2015 Memorandum Opinion And Final Order to the United States Court of Appeals for the Federal Circuit; and (2) Petitioners were entitled to an award of attorneys' fees and costs, but for a lesser amount than requested. 12/31/17 Dec. 5–23. Specifically, Special Master Hastings reviewed both Special Master Vowell's September 28, 2015 Decision and the court's December 18, 2015 Memorandum Opinion And Final Order and found "that it was not reasonable for [P]etitioner to attempt to overturn Special

---

[1] Section 300aa-12(e)(2) of the Vaccine Act provides: "[W]ith respect to a petition, the United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings[.]" 42 U.S.C. § 300aa-12(e)(2).

[2] Vaccine Rule 23(a) provides: "To obtain review of the [S]pecial [M]aster's decision, a party must file a motion for review with the clerk within 30 days after the date of the decision is filed." Vaccine Rule of the United States Court of Federal Claims 23(a).

Master Vowell's factual determinations at the [United States Court of Appeals for the] Federal Circuit . . . [, because i]t was not reasonable for [Petitioners] to expect the Federal Circuit to reweigh the extensive evidence . . ., which had already been twice addressed at length by the lower court[.]" 8/31/17 Dec. at 7–8 (citing *Doe v. Sec'y of Health & Human Servs.*, 601 F.3d 1349, 1355 (Fed. Cir. 2010) (holding that, "because of the [S]pecial [M]aster's unique position to see the witnesses and hear their testimony," the Special Master's credibility assessments are "virtually unreviewable on appeal."). In addition, Special Master Hastings found that there was no reasonable basis for Petitioners to argue their constitutional argument a second time before the United States Court of Appeals for the Federal Circuit. 8/31/17 Dec. at 8 (citing *Milik v. Sec'y of Health & Human Servs.*, 822 F.3d 1367 (Fed. Cir. 2016) (rejecting the same constitutional argument presented by counsel for Petitioners in another vaccine case). Therefore, Special Master Hastings found that there was no reasonable basis for Petitioners to appeal the court's December 18, 2015 Memorandum Opinion And Final Order to the United States Court of Appeals for the Federal Circuit.

In addition, Special Master Hastings examined Petitioners claim for $683,926.13 in attorneys' fees and costs for 1,551.9 hours worked in post-hearing litigation, but awarded $225,702.10. 8/31/17 Dec. at 23. Special Master Hastings first reduced the 153.5 hours billed for Petitioners' Motion For Review by half, because: (1) an examination of other similarly-situated cases revealed that such work typically was done between 6.25 and 80 hours; (2) the text was largely identical to prior filings and included "extensive use of block quotes of expert reports;" (3) billing records reflected that this work was duplicative; and (4) the work product was very poor and included misrepresentations and frivolous arguments. 8/31/17 Dec. at 10–12. Special Master Hastings also eliminated the 16.9 hours billed for time spent remedying Petitioners' expert's untimely submission of medical literature, because Petitioners disregarded Special Master Vowell's pre-hearing Order, directing the parties not to file late submissions to avoid a delay to the proceedings. 8/31/17 Dec. at 12–13.

In addition, Special Master Hastings reduced the 1,142 hours billed for Petitioners' post-hearing submissions to 635.39 hours, because: (1) an examination of the billing records revealed overbilling and erroneous billing for hours spent on "fundraising work;" (2) counsel conducted unnecessary and late scientific research; (3) counsel engaged in unreasonable and over-litigation of issues; (4) billing records reveal redundant entries (*e.g.,* the billing records show a significant amount of time billed for reviewing and analyzing medical literature during the post-hearing period, but Respondent did not file any medical literature during or after the hearing in this case); and (5) vague and block billing. 8/31/17 Dec. at 13–17.

Special Master Hastings also found that counsel for Petitioners requested a rate in excess of the "forum rate" used to calculate attorneys' fees in Vaccine Act cases.[3] 8/31/17 Dec. at 18.

---

[3] The "forum rate" was first used in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and subsequently has been widely adopted. *See, e.g.*, *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 44770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); *Avchen v. Sec'y of Health & Human Servs.*, No. 14-279V, 2015 WL 9595415 (Fed. Cl. Spec. Mstr. Dec. 4, 2015); *Houch v. Sec'y of Health & Human Servs.*, No. 11-509V, 2015 WL 9259889 (Fed. Cl. Spec. Mstr Nov. 25, 2015); *Tomlinson v. Sec'y of Health & Human Servs.*, No. 14-736V, 2015 WL 7068558 (Fed. Cl. Spec. Mstr. Oct. 23, 2015).

Special Master Hastings, however, used the "forum rate" and reduced Petitioners' award of attorneys' fees. 8/31/17 Dec. at 18–21.

### D. Petitioners' September 29, 2017 Motion For Review.

#### a. Petitioners' Argument.

Petitioners submit that Special Master Hastings "abused his discretion and rendered a decision not in accordance with law in finding that [Petitioners] had no reasonable basis for an appeal to the [United States Court of Appeals for] the Federal Circuit," (9/29/17 Pet. Mot. at 1), because there was a reasonable basis for: (1) Petitioners' constitutional argument; and (2) Petitioners challenge to Special Master Vowell's factual findings. 9/29/17 Pet. Mot. at 5–13.

First, Petitioners assert that their constitutional argument, based on the United States Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011) (holding that a federal bankruptcy court had no constitutional authority to make final factual findings or enter judgment on state law counterclaims), was a reasonable basis for appeal. 9/29/17 Pet. Mot. at 5 (citing *Stern*, 564 U.S. 462). Special Master Hastings disagreed, because: (1) the United States Court of Appeals for the Federal Circuit summarily rejected this argument, without opinion, in its December 9, 2016 Notice Of Entry Of Judgment Without Opinion; (2) the United States Court of Appeals for the Federal Circuit rejected this argument in a written opinion in another vaccine case tried by counsel for Petitioners (*Milik*, 822 F.3d 1367); and (3) the weight of the evidence "leaned so far against [P]etitioners that success on appeal was highly unlikely." 9/29/17 Pet. Mot. at 6–10 (internal quotation marks omitted).

Petitioners also contend that Special Master Hastings abused his discretion in not citing any legal authority to support his conclusion that "the [United States Court of Appeals for the] Federal Circuit's disposition of the appeal without an opinion under [Rule 36 of the Rules of the United States Court of Appeals for the Federal Circuit][4] was probative that the appeal was without any reasonable basis. 9/29/17 Pet. Mot. at 6 (citing *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627 (Fed. Cl. 2012) (cautioning against "automatically equating Rule 36 with the absence of a reasonable basis"). Indeed, the mere fact that the United States Court of Appeals for the Federal Circuit addressed this constitutional argument in a written opinion demonstrates that it was reasonable for Petitioners to raise this issue again on appeal, even though it was rejected in that prior case. 9/29/17 Pet. Mot. at 10 (citing *Milik*, 822 F.3d 1367). And, the United States Court of Appeals for the Federal Circuit has held that the likelihood of success on the merits of an appeal

---

The following factors are used to calculate the "forum rate": experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large. *McCulloch*, 2015 WL 5634323, at *17.

[4] Rule 36 of the Rules of the United States Court of Appeals for the Federal Circuit provides, in relevant part, that "[a] judgment is entered when it is noted on the docket" and "[o]n the date when judgment is entered, the clerk must serve on all parties a copy of the opinion—or the judgment—if no opinion was written—and a notice of the date when the judgment was entered." Rule 36.

5

is not sufficient for a Special Master to determine that the appeal lacks a reasonable basis. 9/29/17 Pet. Mot. at 11 (citing *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578 (Fed. Cir. 1991) ("An appeal having a small chance for success is not for that reason alone frivolous[.]")).

Second, Special Master Hastings reviewed Special Master Vowell's factual determinations under the "arbitrary and capricious" standard of review, instead of applying "the more rigorous standard of judicial review [P]etitioners sought to establish under Article III" in the appeal to the United States Court of Appeals for the Federal Circuit. 9/29/17 Pet. Mot. at 11–12. In sum, Petitioners' appeal "is not frivolous [just] because it seeks to change existing law." 9/29/17 Pet. Mot. at 13 (citing *Connell v. Sears Roebuck & Co.*, 722 F.2d 1542, 1554 (Fed. Cir. 1983) ("One may legitimately argue, for example, that even overwhelming contrary precedent should be overruled or distinguished.")). Therefore, Special Master Hastings' abused his discretion when he found that Petitioners' appeal lacked a reasonable basis. 9/29/17 Pet Mot. 13.

### b. Respondent's Response.

Respondent responds that Special Master Hastings' August 31, 2017 Decision "reflects a rational and reasoned analysis in which he properly exercised his discretion to award $225,702.10 in final fees and costs, while denying fees and costs stemming from [P]etitioners' [appeal to the United States Court of Appeals for the] Federal Circuit[.]" 10/27/17 Resp. Response at 7. Since Petitioners were not successful on their underlying claim, "they were not entitled to an award of [attorneys'] fees and costs as a matter of right; rather, any award of [attorneys'] fees and costs was purely" within the discretion of Special Master Hastings. 10/27/17 Resp. Response at 8.

Special Master Hastings "evaluated the case history and concluded that[,] although [P]etitioners initially had a reasonable basis for bringing their claim and testing the merits of Special Master Vowell's entitlement decision at [the United States Court of Federal Claims], a reasonable basis ceased to exist after [the c]ourt issued [the December 18, 2015 Memorandum Opinion And Final Order,] finding no error with [Special Master Vowell's] factual findings[.]" 10/27/17 Resp. Response at 8. Special Master Hastings found that "it was not reasonable for [Petitioners] to expect the [United States Court of Appeals for the] Federal Circuit to reweigh the extensive evidence bearing on these points, which had already been twice addressed at length by the [United States Court of Federal Claims], first by Special Master Vowell and later by [the undersigned judge]." 10/27/17 Resp. Response at 10 (quoting 8/31/17 Dec. at 8).

In addition, Special Master Hastings correctly applied the "arbitrary and capricious" standard of review "that applies to factual findings in Vaccine Act cases[, because that] standard . . . is, and always has been, the standard of review applied by the [United States Court of Appeals for the] Federal Circuit." 10/27/17 Resp. Response at 10–11 (citing *Munn v. Sec'y of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992) ("Fact-findings are reviewed . . . under the arbitrary and capricious standard.")). Therefore, Petitioners' appeal to the United States Court of Appeals for the Federal Circuit challenging this standard of review lacked a reasonable basis, because "there is no excuse for an attorney who brings a vaccine case to [the United States Court of Appeals for the Federal Circuit] for a second level of appeal not to know and fully consider the [arbitrary and capricious] standard of review enunciated in *Munn*." 10/27/17 Resp. Response at 11 (quoting *Phillips v. Sec'y of Health & Human Servs.*, 988 F.2d 111, 113 (Fed. Cir. 1993)).

6

Finally, Special Master Hastings correctly found that Petitioners' constitutional argument to the United States Court of Appeals for the Federal Circuit lacked a reasonable basis, because: (1) "the argument was summarily rejected without opinion by [that court]" in the December 9, 2016 Notice Of Entry Of Judgment Without Opinion (10/27/17 Resp. Response at 12); (2) the United States Court of Appeals for the Federal Circuit has already rejected this argument in another vaccine case litigated by counsel for Petitioners (10/27/17 Resp. Response at 13 (citing *Milik*, 822 F.3d 1367)); and (3) Special Master Hastings weighed the evidence in this case and "found [P]etitioners' appeal . . . legally meritless" (10/27/17 Resp. Response at 16).

### c. Petitioners' Reply.

Petitioners add that there was a reasonable basis for raising the constitutional argument at the United States Court of Appeals for the Federal Circuit, because "during the entire period of appellate litigation in this case, from filing the opening brief through oral argument and decision of the appeal by the [United States Court of Appeals for the] Federal Circuit, *Milik* remained pending." 11/03/17 Pet. Reply at 5. Therefore, the constitutional argument that Petitioners raised on appeal in this case was not finally resolved until six months after the United States Court of Appeals for the Federal Circuit's decision in this case.

### d. The Court's Resolution.

#### i. Special Master Hastings Properly Applied The Reasonable Basis Standard.

The Vaccine Act provides that a petitioner who does not prevail upon his or her claim in a vaccine petition may nevertheless receive an award of compensation for reasonable attorneys' fees and costs, "if the [S]pecial [M]aster or court determines that the petition was brought in *good faith* and there was a *reasonable basis* for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1)(B) (2012)[5] (emphasis added).

A determination of "reasonable basis" requires an interpretation of the Vaccine Act, which is a question of law. *See Hawkins v. United States*, 469 F.3d 993, 1000 (Fed. Cir. 2006) ("Statutory construction is a matter of law that we review *de novo*."); *see also Carter v. Sec'y of Health & Human Servs.*, 132 Fed. Cl. 372, 379 (Fed. Cl. 2017) ("The [c]ourt reviews the [S]pecial [M]aster's legal determination regarding the meaning of the Vaccine Act's reasonable basis standard *de novo*.").

---

[5] The Vaccine Act provides:

[i]f the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the [S]pecial [M]aster or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the [S]pecial [M]aster or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1)(B) (2012).

Although neither the United States Court of Federal Claims nor the United States Court of Appeals for the Federal Circuit has defined "reasonable basis" within the context of Section 15(e), the former has determined that "[a]n evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold. Such a rigid position is at variance with the flexible structure of the vaccine program." *Chuisano v. United States*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014). And so, to determine whether a reasonable basis exists, the Special Master or the court looks to the totality of the circumstances and considers factors, including "the factual basis, the medical support, . . . jurisdictional issues, . . . circumstances under which a petition is filed . . . [and t]he conduct of petitioner's attorneys[.]" *Id.* at 288 (internal quotation marks and citations omitted).

The petitioner bears the burden of establishing that there was a reasonable basis for a claim filed under the Vaccine Act. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 304 ("The petitioner must affirmatively establish a reasonable basis to recover attorneys' fees and costs."). As the court in *Carter* discussed,

> the reasonable basis standard should be evidence-based or based upon a totality of the circumstances of a particular case. In this regard, the Court agrees . . . that the reasonable basis standard is *primarily* evidence-based . . . . [T]he reasonable basis standard should be flexible enough to allow [S]pecial [M]asters and judges to consider other factors—such as the conduct of the attorney or a pending statute of limitations deadline—in addition to the strength of the evidence to support a Vaccine Act claim.

*Carter*, 132 Fed. Cl. at 380.

Given this guidance regarding the nature of the reasonable basis standard, the record evidence shows that Special Master Hastings appropriately defined the reasonable basis standard. In his August 31, 2017 Decision, Special Master Hastings correctly determined that he may award attorneys' fees under Section 15(e) and that Petitioners had the burden to demonstrate that the claim had a reasonable basis. 8/31/17 Dec. at 3–4. Special Master Hastings' August 31, 2017 Decision also correctly stated "[i]n determining whether reasonable basis exists, the presiding judge or [S]pecial [M]aster looks to the totality of the circumstances and factors in 'the factual basis, the medical support, and jurisdictional issues, and the circumstances under which the petition is filed.'" 8/31/17 Dec. at 5 (quoting *Curran v. Sec'y of Health & Human Servs.*, 130 Fed. Cl. 1, 5 (Fed. Cl. 2017). Special Master Hastings properly found that he may consider the factual findings in Special Master Vowell's September 28, 2015 Decision denying entitlement and the court's December 18, 2015 Memorandum Opinion And Final Order reviewing Special Master Vowell's September 28, 2015 Decision. 8/31/17 Dec. at 6–7. In addition, Special Master Hastings properly found that he may balance non-evidentiary factors relevant to Petitioners' claim and appeal, such as counsel's duty to use reasoned judgement and to avoid frivolous litigation, with "the [Vaccine] Program's interest in promoting attorney representation[.]" 8/31/17 Dec. at 6 (citing *Murphy v. Sec'y of Health & Human Servs.*, 30 Fed. Cl. 60, 62 (Fed. Cl. 1993), *aff'd*, 48 F.3d 1236 (Fed. Cir. 1995)).

For these reasons, the court has determined that the record evidence shows that Special Master Hastings did not err as a matter of law in defining the reasonable basis standard.

          ii.        **Special Master Hastings Did Not Abuse His Discretion In Finding That There Was Not A Reasonable Basis For Petitioners' Appeal To The United States Court Of Appeals For The Federal Circuit And In Awarding Attorneys' Fees And Costs To Petitioners.**

Discretionary rulings by the Special Master are reviewed under the "abuse of discretion" standard. *See Hall*, 640 F.3d at 1354 ("discretionary rulings [are reviewed] under the abuse of discretion standard"). The Special Master's determination of reasonable attorneys' fees and costs in a Vaccine Act case is a discretionary ruling that is entitled to deference from the United States Court of Federal Claims. *See Saxton ex rel. Saxton*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) ("[F]ee determinations are within the discretion of the trial forum and are entitled to deference."). In addition, "[i]f the [S]pecial [M]aster has considered the relevant evidence of record, drawn plausible inferences and articulated a reasonable basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Sec'y of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991).

In determining whether Petitioners had a reasonable basis to appeal to the United States Court of Appeals for the Federal Circuit, Special Master Hastings' August 31, 2017 Decision considered the factual findings in Special Master Vowell's September 28, 2015 Decision and the court's December 18, 2015 Memorandum Opinion And Final Order. 8/31/17 Dec. at 6–9. Special Master Hastings found that the record in this case is "extensive" and included records from several treating physicians as well as opinions by testify experts. 8/31/17 Dec. at 8–9 (quoting ECF No. 362 at 3). In fact, Special Master Hastings noted that Special Master Vowell's September 28, 2015 Decision alone "spanned 219 pages and exhaustively discussed a multitude of factual issues." 8/31/17 Dec. at 6. Special Master Hastings also found that "[a]mong Special Master Vowell's findings, [was the conclusion] that A.K.'s autism pre-dated the influenza vaccinations that formed the basis of [P]etitioners' claim." 12/31/17 Dec. at 6. And, "Petitioners' claims—that A.K. suffered an underlying mitochondrial disorder (aggravated by his vaccinations) and that his autism arose as a later consequence *following* his two influenza vaccinations—were fundamental factual predicates underpinning [P]etitioners' theory of the case." 12/31/17 Dec. at 6. In addition, Special Master Hastings found that Special Master Vowell's analysis "included her own review of the extensive video evidence filed in the case." 8/31/17 Dec. at 8 (citing ECF No. 341 at 17). Therefore, Special Master Hastings' August 31, 2017 Decision found that "[i]t was unreasonable for [P]etitioner to expect the [United States Court of Appeals for the] Federal Circuit to *reweigh* the extensive evidence . . . , which had already been twice addressed at length" in Special Master Vowell's September 28, 2015 Decision and the court's December 18, 2015 Memorandum Opinion And Final Order. 8/31/17 Dec. at 8.

In addition, Special Master Hastings' August 31, 2017 Decision considered Petitioners' argument to the United States Court of Appeals for the Federal Circuit in determining whether Petitioners had a reasonable basis for the appeal. 8/31/17 Dec. at 8. Special Master Hastings found that the fact that Petitioners' "argument was summarily rejected without opinion," pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, was *not dispositive* to the reasonable basis determination, but that it "constitutes *some* evidence that [P]etitioner's appeal lacked a reasonable basis[.]" 8/31/17 Dec. at 8 (citing ECF No. 362) (emphasis added). Special Master Hastings also found the fact that counsel for Petitioners "presented similar constitutional arguments in another

9

vaccine case which was previously rejected in a written opinion by" the United States Court of Appeals for the Federal Circuit. 8/31/17 Dec. at 8–9 (citing *Milik*, 822 F.3d 1367). And, Special Master Hastings found that even if the United States Court of Appeals for the Federal Circuit "overturned its own precedent and applied a different standard of review, and even if [it] considered the factual issues *de novo*, there is still no reason based on the existing record to *speculate* that [it] would have reached a different conclusion than Special Master Vowell on the underlying factual questions at issue." 8/31/17 Dec. at 9.

For these reasons, the court has determined that Special Master Hastings did not abuse his discretion in finding that there was no reasonable basis for Petitioner to appeal the court's December 18, 2015 Memorandum Opinion And Final Order to the United States Court of Appeals for the Federal Circuit.

Special Master Hastings also did not abuse his discretion in awarding attorneys' fees and costs to Petitioners. Petitioners requested $683,926.13 in attorneys' fees and costs for 1,551.9 hours worked in post-hearing litigation, in addition to the $459,108.12 Petitioners previously received in attorneys' fees and expenses for hours worked through the close of the hearing in this case. 8/31/17 Dec. at 10; 9/29/17 Pet. Mot. at 3. As an initial matter, Special Master Hastings reduced Petitioners' request by the 160.9 hours attributable to Petitioners' appeal to the United States Court of Appeals for the Federal Circuit, because he found that there was no reasonable basis for that appeal. 8/31/17 Dec. at 10. Considering other relevant evidence of the record, Special Master Hastings reduced the remaining 1,391 hours requested by Petitioners for a number of reasons: (1) excessive hours (8/31/17 Dec. at 10, 13); (2) poor quality of work product (8/31/17 Dec. at 11); (3) hours spent remedying late submissions to the court (8/31/17 Dec. at 12); (4) inappropriate billing (8/31/17 Dec. at 14); (5) unnecessary and late research (8/31/17 Dec. at 14–15); (6) submitting irrelevant and unnecessary expert testimony (8/31/17 Dec. at 15); (7) redundant billing for trial preparation (8/31/17 Dec. at 15–16); (8) vague and block billing (8/31/17 Dec. at 16); and (9) unclear billing statements (8/31/17 Dec. at 16).

The August 31, 2017 Decision On Attorneys' Fees and Costs sets forth a well-reasoned rationale for a reduced award. Some fee reductions concern counsel testing the bounds of "sharp practice" before the court.[6] Other fee reductions concern issues of judicial economy, such as the presentation of redundant or unnecessary exhibits and testimony. 8/31/17 Dec. at 14–15. Hourly rates were reduced to comport with hourly rates awarded to counsel in other vaccine cases.[7] The

---

[6] "In perhaps the most egregious example, [Petitioners] intimated in the [September 29, 2017 M]otion [F]or [R]eview, that [Special Master Vowell] . . . was not qualified to evaluate . . . their pediatric development expert, because she is not . . . 'a mother of boys.' . . . [S]eeking to interject and leverage an *ad hominem* critique of the fact finder's personal life is not effective advocacy." 8/31/17 Dec. at 12, (citing ECF No. 329 at 17) ("The [Special Master] reviewed the videos and saw the same things as Dr. Miller and reached same [sic] conclusions, each defying common sense and the testimony of medical doctors who actually saw, examined and evaluated AK. [The Special Master has] a background as an Army judge and military policeman, not a parent of boys, teacher or child psychologist.").

[7] "[P]etitioner's application in the present case was filed over a year after the publication of the *Mostovoy* decision . . . in which [the Chief Special Master] applied the *McCulloch* hourly

10

August 31, 2017 Decision found that some of the billed costs implicated ethical concerns, such as the hours billed for review of a decision in an unrelated vaccine case. 8/31/17 Dec. at 14. In determining the attorneys' fees and costs to be awarded, Special Master Hastings cited billing documents, specific examples of counsels' performance, and weighed the facts and circumstances of the case, drawing reasonable conclusions. In sum, Special Master Hastings considered the relevant evidence from the record, drew plausible inferences, and articulated a reasonable basis for the reductions. *See Hines*, 940 F.2d at 1528 ("[T]he [S]pecial [M]aster appears to have considered the relevant evidence in the record as a whole, drawn plausible inferences from that evidence, and articulated a basis for his decision[,] which is rational.").

The Vaccine Act does not authorize an attorney to incur fees and costs without limit. In this case, Special Master Hastings reviewed the reasonable basis of the claim during trial and the appeal and conducted an extensive review of the billing records, quality of advocacy, and other relevant issues. In addition, Special Master Hastings correctly applied the Vaccine Act and exercised discretion in a proper manner, considering both claim-related and extrinsic factors. For these reasons, the court has determined that Special Master Hastings did not abuse his discretion in reducing the award of attorneys' fees and costs to Petitioners in this case.

### IV. CONCLUSION.

For these reasons, Petitioners' September 29, 2017 Motion For Review is denied. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**

---

rate ranges specifically to [counsel for Petitioners'] request for attorneys' fees. As described above, the *Mostovoy* decision awarded significantly lower hourly rates of pay than the amounts requested here." 8/31/17 Dec. at 20 (summarizing the fees and costs award in *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *4 (Fed. Cl. Feb. 4, 2016) (internal citations omitted)).

11